Hugh W. SHUMAKER, Louis L. Borick and Superior Industries, Inc., Plaintiffs-Appellants,

v.

GROBOSKI INDUSTRIES, INC., Defendant-Appellee.

No. 14948.

United States Court of Appeals Seventh Circuit.

Nov. 1, 1965.

Rehearing Denied Dec. 3, 1965.

---

Max R. Kraus, Chicago, Ill., Francis A. Utecht, Los Angeles, Cal., for appellants, Benjamin F. Berry, Seattle, Wash., of counsel.

James R. Knight, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

This appeal has been taken from the United States District Court's denial of a motion to hold defendant-appellee, Groboski Industries, Inc., in civil contempt of an injunction relating to infringement of a patent.

The plaintiffs-appellants are Hugh W. Shumaker, the inventor, patentee and owner of the patent in suit, Louis L. Borick and Superior Industries, Inc., his sole and exclusive licensees, who manufacture and sell the patented product paying royalties to the inventor.

In Shumaker v. Gem Manufacturing Co., 7 Cir., 1962, 311 F.2d 273, this Court affirmed a judgment of the United States District Court holding the Shumaker patent, No. 2,933,344, valid and infringed.

As we there described it:

"The patent is directed to a pair of wind deflectors attached to the rear corner posts of a station wagon to break up the vacuum formed during forward movement of the vehicle. The vacuum created at the blunt end during forward movement of a station wagon draws road dust, dirt, grime, snow and other foreign material onto the rear window, obscuring rear vision and creating a driving hazard."

The invention satisfied a long felt want and met with prompt commercial success.

Plaintiffs-appellants brought suit against Groboski Industries, Inc., charging infringement of the same patent. A consent judgment was entered February 6, 1964, holding the Shumaker patent No. 2,933,344 valid and infringed and enjoining Groboski Industries from infringing the patent. This consent judgment was approved for Groboski Industries, Inc., an Illinois corporation, by John Groboski, its president. The Illinois corporation was later dissolved and Groboski Industries, Inc., a Pennsylvania corporation, was formed. John Groboski is its president. It is agreed that the Court

has jurisdiction over both corporations and Mr. Groboski.

Plaintiffs charge that the Illinois corporation sold the accused deflectors before its dissolution in August, 1964, and that the Pennsylvania corporation continued such sales. Plaintiffs contend that these deflectors infringe Claim 1 of the Shumaker patent under the doctrine of equivalents. The enjoined deflectors sold by the defendant at the time of the original suit which terminated in the consent judgment are described as "Chinese" copies of the plaintiffs' device.

Groboski Industries contends that it has avoided infringement by substituting for the "link extending between a respective corner post and deflector" of the patent, a pair of spaced mounting brackets, achieving the same result (adjustability) but by different means. [See #25 and #26 following]

Patent device          Accused device

Defendant argues that all the claims of the patent in suit call for a link in attaching the wind deflector to the vehicle and that defendant's new accused device has no link, thus omitting an element of the patent.

The change does not alter the function of the deflector. The brackets perform

the identical function as the link in the enjoined deflector: they permit adjustment.

Defendant asserts that during the prosecution of the patent application, the patentee cancelled claims for a broad disclosure of means, which would have read on the accused device, and accepted claims with a limitation of link attachment means. Defendant contends, and the District Court agreed, that plaintiffs are subject to file wrapper estoppel and may not resort to the doctrine of equivalents.

█ The District Court's findings of fact on the issue of file wrapper estoppel are based on documentary evidence. We are in as good a position to consider this evidence as the District Judge, and his findings do not attain to that degree of finality under the Federal Rules of Civil Procedure, Rule 52(a), as findings which resolve issues of credibility in conflicting testimony. Welsh Co. v. Chernivsky, 7 Cir., 1965, 342 F.2d 586, 588; Taylor-Reed Corp. v. Mennen Food Products, 7 Cir., 1963, 324 F.2d 108, 111; Henriksen v. Cory Corp., 7 Cir., 1964, 327 F.2d 409, 412.

█ A first reading of the file history in the Patent Office seems to support a finding of file wrapper estoppel. Closer scrutiny does not.

It is clear that the patentee did not consider the link an inventive feature. Nor did we so consider it in our opinion in Shumaker v. Gem, supra.

Defendant refers to a cancelled claim which read as follows:

"12. In combination with a vehicle of the type having a closed body and being provided with a rear section which is substantially flat and generally vertical and having in the upper region thereof a generally upright and substantially flat window extending between rear corner posts of the vehicle body, whereby the vehicle while in motion tends to produce a vacuum in the region of the rear section thereof such as to cause dust and road dirt to be delivered against the rear window glass, a wind deflector disposed in outwardly spaced relationship with respect to each such corner post, each deflector being of a vertical height substantially the same as the vertical height of the rear window, *means securing each deflector to a respective corner post*" [emphasis added]

The remarks following this claim, however, indicate that what was sought under Claim 12, subsequently cancelled, was not articulated or adjustable mountings other than the link device, but, on the contrary, permanent non-adjustable attachment means. The exact wording reads:

"Claim 12 is also believed to express patentable subject matter in this application, even though this claim is broader than parent claim 8 from which the remaining claims in the application depend either directly or indirectly. Claim 12 is substantially identical to claim 8 except that it does not specify the articulated mounting for the deflector. The reason that claim 12 has been added to the application and its allowance respectfully urged is that it would be a relatively simple matter for a potential infringer to avoid the structure as set forth in claim 8 ** for example while still, it is felt, impinging upon the spirit of the present invention to simply provide a relatively permanent attachment for a fixed deflector which is constructed in accordance with this invention and positioned in such manner as is taught in the instant application. Whereas it is realized that perhaps such a deflector would not be as effective as one which is articulately mounted to the vehicle, as specified in claim 8, nevertheless, the principles and basic inventive thought involved in the instant application are present in such modified construction."

** Now Claim 1.

The patentee here did not narrow his claims by amendment to avoid the prior art and thus exclude defendant's brackets. He abandoned an effort to claim a fixed, permanent attachment which did not provide for adjustability.

The link serves only as a mounting to allow manual adjustment of the deflector. Articulation or adjustability is a claimed function. The accomplishment of that function is not limited to the link, as defendant contends, to the exclusion of the defendant's slotted bracket.

Mere colorable departures, changes of form, or inconsequential substitutions do not avoid infringement. Graver Mfg. Co. v. Linde Co., 339 U.S. 605, 608, 70 S.Ct. 854, 94 L.Ed. 1097 (1950).

The judgment of the District Court is reversed and the cause is remanded for further proceedings in accordance with this opinion.

Reversed and remanded.